IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| Daelyn Kittle<br>722 Hitching Post Road<br>Roseboro, NC 28382<br><br>　　Plaintiff(s),<br><br>v.<br><br>VKL Group, LLC T/A Hereford Collision Center<br>16917 York Road<br>Monkton, MD 21111<br><br>Serve: Resident Agents, Inc.<br>5000 Thayer Center, Ste. C<br>Oakland, MD 21550<br><br>and<br><br>Nationwide Lien & Recovery, Inc.<br>468 Colonial Ridge Lane<br>Arnold, MD 21202<br><br>Serve: John J. Ryan, Esquire<br>31 Old Soloms Island Rd., Ste. 201<br>Annapolis, MD 21401<br><br>and<br><br>US Fleet Services, LLC<br>16915 York Road<br>Monkton, MD 21111<br><br>Serve: Joanne Galasso<br>16915 York Road<br>Monkton, MD 21111<br><br>　　Defendant(s). | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No:  1:25-cv-2040 |

**VERIFIED COMPLAINT**

Doc ID: 5a770d46a19cea1eddcee7187e964c3cb07c12d5

Daelyn Kittle, hereinafter referred to as Plaintiff, through undersigned counsel, hereby files this Complaint against Defendants, and states the following in support thereof:

## JURISDICTION

1. Daelyn Kittle, Plaintiff, is an individual currently residing in the state of North Carolina.

2. VKL Group LLC, T/A Hereford Collision Center, "HCC," Defendant, is a limited liability company organized under the laws of the state of Maryland, currently operating in Baltimore County.

3. Nationwide Lien & Recovery, Inc. "NLR," Defendant, is a corporation incorporated in the state of Maryland with a principal place of business in Anne Arundel County.

4. US Fleet Services, LLC "USF," Defendant, is a limited liability company organized in the state of Maryland with a principal place of business in Baltimore County.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367 over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

7. Venue is proper in this District under 28 U.S.C. §1391 because all Defendants are located in Anne Arundel and Baltimore Counties.

## FACTS

8. Plaintiff herein incorporates paragraphs 1-7.

9. Plaintiff is the registered owner of a 2024 Honda Accord "Vehicle."

Doc ID: 5a770d46a19cea1eddcee7187e964c3cb07c12d5

10. On or about October 27, 2024, Plaintiff took the Vehicle to HCC for repairs as a result of accidental damage to the Vehicle.

11. Plaintiff and the Vehicle were covered under a National General Insurance policy "NG."

12. Plaintiff filed a claim with NG for repairs performed by HCC.

13. While the Vehicle was in HCC's possession for repairs, HCC provided loaner vehicles to Plaintiff through a separate company, USF.

14. On October 28, 2024, USF and Plaintiff executed a rental agreement for the loaner vehicle, specifically a silver Subaru Legacy "Subaru" even though the rental agreement described the loaner vehicle as 2020 white Toyota Corolla.

15. On or about November 1, 2024, the transmission of the Subaru suddenly blew up while Plaintiff was driving. Plaintiff immediately informed "Elliott", who worked for Defendant and Elliott told Plaintiff that someone would deliver another loaner the same day or the next day.

16. On or about November 2, 2024, Defendant delivered to Plaintiff the second loaner, a 2020 white Toyota Corolla as described in the rental agreement, and took possession of the Subaru.

17. On or about November 15, 2024, NG paid HCC a total of $9,569.90.

18. On or about January 29, 2025, NG paid HCC an additional amount of $15, 545.91 for alleged supplemental costs/repairs.

19. Despite paying a substantial amount of money to HCC, HCC continued to submit additional repair bills which caused a dispute between NG and HCC as to the legitimacy of the additional estimate. NG refused to pay additional funds to HCC and informed Plaintiff they opened a insurance fraud investigation against HCC.

20. On or about February 3, 2025, Defendant demanded that Plaintiff return the second loaner as a result of insurance coverage issues.

21. On or about February 4, 2025, the radiator of the second loaner cracked and began smoking while Plaintiff was attempting to return it.

22. On February 10, 2025, USF invoiced Plaintiff for the repairs to the second loaner, alleging he was liable to them in the amount of $15,278.27.  Plaintiff disputed liability at all times.

23. On or about February 19, 2025, Defendant informed Plaintiff that NG had "taken back all their money" and that if NG failed to make payments, Plaintiff would be responsible for the alleged cost of repairs.

24. As a result of the dispute between NG and HCC, HCC has refused to release the Vehicle to Plaintiff.

25. Despite Plaintiff's request for information as to the status of repairs on the Vehicle, HCC refused to provide them with any information.

26. On or about April 9, 2025, Plaintiff received a notice of sale of the Vehicle via e-mail.

27. Plaintiff had little time to retain counsel and recently retained undersigned counsel.  *Id*.

28. Pursuant to the notice of sale, Nationwide Lien and Recovery, Inc. "NLR" would auction the Vehicle on April 30, 2025 at 11:00 a.m.

29. Pursuant to the notice of sale, HCC asserted a mechanics lien of $56,621.88.

30. Under no circumstance is the exorbitant amount of HCC's lien justified and HCC has refused to provide any supporting evidence of the lien to Plaintiff.

31. A purchase money security interest secured by a lien on the Vehicle is currently held by American Honda Finance "lienholder" for $28,000.00.

32. On April 21, 2025, Plaintiffs demanded that Defendants place a legal hold on all evidence, including preserving the Vehicle and not selling it.  Defendants however refused to preserve evidence and abide by the legal hold and sold the Vehicle.

Doc ID: 5a770d46a19cea1eddcee7187e964c3cb07c12d5

33. Upon information and belief, HCC or NLR notified the lienholder of the sale on April 30, 2025.

34. Upon information and belief, HCC, NLR, and USF are involved in an insurance fraud scheme and are holding the Vehicle hostage and threatened an improper and illegal sale to pressure Plaintiff into paying them and falling victim to their fraud scheme.

35. Defendants actions were committed with actual malice. Defendants devised a fraudulent scheme with the ill will and intent to injure Plaintiff.

36. Plaintiff does not have any other vehicles to transport himself to work, run daily errands, attend medical appointments, visit family. *Id*.

37. As a result of his loss of possession of the Vehicle, Plaintiff has incurred exorbitant costs in obtaining alternate transportation, i.e. Uber, lyft. *Id*.

## COUNT I: BREACH OF CONTRACT

38. Plaintiff hereby incorporates paragraphs 1 through 37.

39. Plaintiff and HCC entered into a valid contract whereby HCC agreed to provide payment and Plaintiff agreed to provide monetary compensation in exchange for such services.

40. Pursuant to the Contract(s) Plaintiff paid HCC for its services via his insurance policy.

41. Defendant has breached its obligations under the Contract(s) by failing to perform the services and return the Vehicle to Plaintiff's possession.

42. Defendant's failure to complete performance and return the Vehicle to Plaintiff constitutes a material breach of the terms under the Contract.

43. The Plaintiff has suffered damages in excess of $30,000.00 for his material breach of the Contact.

44. The Plaintiff requests a judgment against Defendant in the excess of $30,000, plus applicable court costs.

Doc ID: 5a770d46a19cea1eddcee7187e964c3cb07c12d5

## COUNT II: CIVIL CONSPIRACY

45. Plaintiff hereby incorporates paragraphs 1 through 44.

46. In order for a civil action for conspiracy to be maintained, there must be, in addition to a confederation of two or more persons, (1) some unlawful act done in furtherance of the conspiracy, and (2) actual legal damage resulting to the victim-plaintiff. *Van Royen v. Lacey*, 262 Md. 94, 97-98, 277 A.2d 13, 14-15 (1971) (citing *Damazo v. Wahby*, 259 Md. 627, 638, 270 A. 2d 814 (1970); *Kimball v. Harman*, 34 Md. 407, 409-410 (1871)).

47. Defendants together conspired to commit fraud in furtherance of such conspiracy for the purpose of obtaining financial benefit to the detriment of Plaintiff.

48. Upon information and believe, Defendants agreed that HCC would advertise its automobile repair services and prepare fraudulent invoices requesting unnecessary or false repairs and inflate the cost of repairs to invoices submitted to insurance companies, which if not paid, would result in the imposition of a lien by NLR which would force Plaintiff to pay for the repairs or lose the vehicle. USF then seizes the vehicles and uses them as loaners which explains the breakdown of the two loaners provided to Plaintiff; they are likely seized vehicles from prior victims of the fraudulent scheme. USF then blames the breakdown of the loaners on its victims, including Plaintiff, and demands money from its victims and Plaintiff.

49. Plaintiff has been severely damaged by Defendants' actions, including, but not limited to, loss of income, transportation, incurring alternate transportation costs, emotional distress, attorney's fees and court costs.

## COUNT III: UNFAIR OR DECEPTIVE TRADE PRACTICES

50. Plaintiff hereby incorporates paragraphs 1 through 49.

51. MD Code, Commercial Law §13-303 prohibits any unfair, abusive, or deceptive trade practice.

52. Pursuant to MD Code, Commercial Law §13-303, Defendant is involved in the sale of consumer

Doc ID: 5a770d46a19cea1eddcee7187e964c3cb07c12d5

goods when they sold Plaintiff the Vehicle.

53. MD Code, Commercial Law §13-301 prohibits false or misleading oral or written statements, visual descriptions, or other representation that has the tendency or effect of deceiving or misleading consumers.

54. MD Code, Commercial Law §13-301 prohibits "deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression or omission of any material fact with the intent that the consumer rely on the same in connection with" the sale of any consumer good.

55. HCC made false or misleading statements to the Plaintiff when it promised that it would perform services for compensation and when it falsely represented the cost of repairs to Plaintiff's insurance company by falsely representing the price of services and nature of repairs to Plaintiff's Vehicle.

56. A reasonable consumer would attach importance to the existence of a promise to perform services at a truthful price and description of repairs needed.

57. Plaintiff relied on Defendant's promise to perform repairs to the Vehicle.

58. HCC never intended to complete repairs to Plaintiff's Vehicle without falsely stating the price and extent of repairs needed so it could collect additional funds from Plaintiff's insurance company.

59. Other evidence of HCC's deceptive practice is that Plaintiff's insurance company opened up a fraud investigation that is currently pending.

60. As co-conspirators, NLR and USF are liable for the acts of its co-conspirators, and are liable for the unfair and deceptive practices committed throughout their conspiracy with HCC.

61. Plaintiff has been injured by Defendants' actions, and suffered damages, including, but not limited to, loss of income, transportation, incurring alternate transportation costs, emotional distress, attorney's fees and court costs.

Doc ID: 5a770d46a19cea1eddcee7187e964c3cb07c12d5

## **COUNT IV: FRAUD**

62. Plaintiff hereby incorporates paragraphs 1 through 61.

63. Defendants are co-conspirators in the fraudulent scheme devised to inflate the costs of repair that result in the unlawful seizing of Plaintiff's and its other victims vehicles.

64. HCC made a false representation to Plaintiff that it would repair the Vehicle and charge for the actual necessary repairs. Instead, HCC created fraudulent invoices that overestimated the amount of repairs so it could collect money to which it was never entitled.

65. Plaintiffs relied on HCC's false representations because they believed HCC would repair the Vehicle and charge them for the actual necessary repairs.

66. HCC benefited from its fraudulent scheme by asserting a lien and auctioning Plaintiff's vehicle, depriving Plaintiff of his property.

67. As co-conspirators, NLR and USF are liable for the acts of its co-conspirators, and are liable for the fraud committed throughout their conspiracy with HCC.

68. Plaintiff has been injured by Defendants' actions, and suffered damages, including, but not limited to, loss of income, transportation, incurring alternate transportation costs, emotional distress, attorney's fees and court costs.

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

   A. Find Defendants committed spoliation of evidence by selling the vehicle;

   B. Enter judgment against HCC for breach of contract;

   C. Enter judgment against Defendants for civil conspiracy, fraud, and unfair and deceptive trade practices;

   D. Award Plaintiff punitive damages in the amount of $90,000;

   E. Award Plaintiff monetary damages in excess of $30,000;

   F. Award Plaintiff reasonable attorney's fees and costs;

Doc ID: 5a770d46a19cea1eddcee7187e964c3cb07c12d5

G. Reduce all sums awarded to judgment in favor of Plaintiff and against Defendants, jointly and severally; and

H. Any other relief that this Honorable Court deems just and appropriate.

## OATH AND AFFIRMATION

I HEREBY AFFIRM UNDER THE PENALTIES OF PERJURY, THAT THE FOREGOING IS TRUE BASED UPON MY PERSONAL KNOWLEDGE, INFORMATION, AND BELIEF.

*Daelyn kittell*
_____
Daelyn Kittle

 

Respectfully submitted,

**The Valle Law Firm, LLC**

 /s/ Diana C. Valle_____
Diana C. Valle, Esq., Fed Bar 18377
3 Bethesda Metro Center, Suite 700
Bethesda, MD 20814
Phone: 301-760-4204
diana.valle@vallelawfirm.com

*Counsel for Plaintiff*

Doc ID: 5a770d46a19cea1eddcee7187e964c3cb07c12d5